## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARIO ESCOBEDO, JR.** | : | **CIVIL NO. 3:15-CV-2378** |
| | : | |
| Petitioner | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **WARDEN ODDO,** | : | |
| | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241, filed by petitioner Mario Escobedo, Jr. ("Escobedo"), a federal inmate incarcerated at the United States Penitentiary at Allenwood, White Deer, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4,[1] and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

**I.    Background**

Escobedo alleges that he was convicted in the United States District Court for the Northern District of Texas of "use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) counts 2, 4, and 6. Bank Robbery in violation of 18 USC 2113(A) & (D) count 1, 3, and 5." (Doc. 1, p. 1). Escobedo's convictions were affirmed on appeal by the United States Court of Appeals for the Fifth Circuit, United States v. Escobedo, 68 F.3d 470

---

[1] Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. Governing § 2254 CASES R.4.  These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R.1(b).

(5th Cir. 1995), and certiorari was denied. Escobedo v. U.S., 516 U.S. 1098 (1996) (Mem). He filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was denied by the United States District Court for the Northern District of Texas, USDC No. 3:97-CV-927-P. See United States v. Escobedo, 210 F.3d 366 (5th Cir. 2000). His appeal to the Fifth Circuit was dismissed for lack of jurisdiction. (Id.).

Escobedo contends that in February 2006, he sought authorization from the Fifth Circuit to file a second or successive Section 2255 motion. (Doc. 1, p. 4). Authorization was denied in April 2006.

He filed the instant petition on December 11, 2015. (Doc. 1). He seeks relief "under the 'Savings -Clause' of 28 U.S.C. 2255(e), under the Newly-Amended section 104. Clarification of Section 924(c)(1)(C) of Title 18 United States Code, under the retroactive provision(s) OF THE SENTENCING REFORM ACT OF 2015 and CORRECTIONS ACT now set out in Title(s) One and Two." (Doc. 1, p. 10).

**II.   Discussion**

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255 (h); 28 U.S.C.

2244(3)(A).  Because Escobedo previously filed motions under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, he is required to seek certification from the Fifth Circuit to file a second or subsequent § 2255 petition.  28 U.S.C. § 2255 (h); 28 U.S.C. 2244(3)(A).  He has failed to do so.

Instead, he attempts to utilize § 2241 to obtain the desired relief.  The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.  Such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective.  See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52.

Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief.  See id. at 251.  Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court.  Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.).  Rather, only when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction, or where he "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" can he avail himself of § 2241.  Dorsainvil, 119 F.3d at 251–52.  Escobedo meets neither exception.  Although he argues that he is actually innocent based on a retroactive change in the law, he fails to demonstrate that he is being detained for conduct that has been rendered noncriminal by an intervening

3

Supreme Court decision. And, he still has an opportunity to challenge the conviction in that he can seek certification from the Fifth Circuit to file a successive petition based on the argument he raises herein.

### III. Conclusion

For the above stated reasons, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated:        May 20, 2016